**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES CHIZMAR and MARIANNE CHIZMAR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:09-cv-00188 |
| BOROUGH OF TRAFFORD, KEVIN KARAZSIA, FRANK BRUNO, BRIAN LINDBLOOM, and CRAIG ALEXANDER, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

AND NOW, this 18th day of June 2009, before the Court is the MOTION TO DETERMINE NECESSITY TO FILE CERTIFICATE OF MERIT, with brief in support, filed by Plaintiffs James Chizmar and Marianne Chizmar (Documents No. 21 and 22), the RESPONSE in opposition filed by Defendant Craig Alexander (Document No. 23), and the REPLY filed by Plaintiffs (Document No. 24). For the reasons that follow, the Court finds that, pursuant to PA. R. CIV. P. 1042.3, a certificate of merit must be filed as to the claims alleged by Plaintiffs in Count III of their Complaint against Defendant Craig Alexander.

### Background

On February 13, 2009, Plaintiffs James Chizmar and Marianne Chizmar commenced this action by filing a five-count complaint that alleges multiple counts of intentional retaliatory conduct by Defendants, the Borough of Trafford, Kevin Karazsia (Mayor of Trafford), Frank Bruno (Trafford councilman), Brian Lindbloom (Trafford Code Enforcement Officer), and Craig Alexander (Solicitor of Trafford). Counts I, II and

IV are brought pursuant to federal law, i.e., 42 U.S.C. § 1983, while Counts III and V are brought pursuant to Pennsylvania law under supplemental jurisdiction.

In Count III of the Complaint, Plaintiffs allege that Defendant Craig Alexander ("Alexander") conspired with Co-Defendants Borough of Trafford, Frank Bruno, and Brian Lindbloom to engage in wrongful use of civil proceedings by the filing of a lawsuit in equity against Plaintiffs on September 17, 2007 in Westmoreland County, Pennsylvania. Defendants sought injunctive relief for the alleged discharge by Plaintiffs of a foul and offensive liquid in violation of Borough Ordinance 663 as amended by Ordinance 672, Chapter 136, Section 136-3(F). Alexander, as solicitor of Trafford, prepared, verified, and filed the equity complaint. Despite Plaintiffs' independent determination that the liquid in question was normal runoff without foul or offensive odors, Defendants sought several continuance requests but failed to provide evidence that the Plaintiffs were violating or had violated any Trafford ordinance(s). Ultimately, all parties agreed to a voluntary dismissal of the equity action on August 27, 2008.

The instant action was filed on February 13, 2009. On May 18, 2009, Alexander filed a Notice of Intention to File Motion to Dismiss for Non Pros on Professional Liability Claim, in which he contends that a certificate of merit[1] pursuant to PA. R. CIV. P. 1042.3 is required to be filed for that portion of Count III applicable to Alexander, the Solicitor of Trafford.

---

[1] PA. R. CIV. P. 1042.3 requires that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard," the plaintiff must file a signed certificate of merit that a licensed professional believes that there exists a "reasonable probability" that the defendant deviated from an acceptable professional standard.

In response, Plaintiffs filed the instant motion in which they dispute that a certificate of merit is necessary and ask the Court to make a judicial determination that same is not required. Plaintiffs contend that Pennsylvania law only requires a certificate of merit in circumstances in which a layperson would require the assistance of an expert to properly determine professional standards. Plaintiffs further maintain that expert testimony is not necessary in a professional liability action "where 'the issue is simple [and] the ordinary experience and comprehension of laypersons can establish the standard of care.' " Pl's. Br. at 3 (quoting *Rizzo v. Haines*, 555 A.2d 58, 66 (Pa. 1989)). Plaintiffs argue that expert testimony is not required to establish the standard of care in this case, and consequently contend that a certificate of merit is not applicable or required in this case.

In response, Alexander contends that expert testimony is required in any case under the Dragonetti Act[2] in which a jury is called upon to assess the actions of an attorney with regard to bringing and maintaining a lawsuit on behalf of his or her client. *Schmidt v. Currie*, 470 F. Supp. 2d 477 (E.D. Pa. 2005), *aff'd*, 217 Fed. Appx. 153 (3d Cir. 2007). Plaintiffs counter the argument of Defendant by contending that PA. R. CIV. P. 1042.1 limits PA. R. CIV. P. 1042.3 to professional liability claims asserted "by or on behalf of a patient or client of the licensed professional." PA. R. CIV. P. 1042.1(a).

---

[2] The elements of a wrongful use of civil proceedings claim, as codified by the Dragonetti Act are:

> (1) [The defendant] acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
> (2) The proceedings have terminated in favor of the person against whom they are brought.

PA. CONS. STAT. § 8351(a) (2008).

Plaintiffs argue that because they were not Alexander's clients in the equity action, a certificate of merit is not required.

**Discussion**

A.    The Dragonetti Act

It appears that all parties agree that Count III of the Complaint is a claim brought under the Dragonetti Act against the Defendants for their actions in wrongfully filing and pursuing the underlying equity action. The Dragonetti Act authorizes a defendant in a prior wrongful civil lawsuit to bring what is essentially a legal malpractice action against the attorney who represented the plaintiff in the prior action. *Schmidt*, 470 F. Supp. 2d at 482. In Dragonetti actions against an attorney, as in traditional legal malpractice actions, plaintiffs have a similar burden of proving that the defendant attorney failed to perform in accordance with the acceptable professional standard. *Id.* Expert testimony is frequently necessary in Dragonetti claims, but the Act itself contains no explicit requirement for such evidence.

In the instant case, Plaintiffs have failed to distinguish between the requirements of a claim under the Dragonetti Act and any requirement that expert testimony may or may not be necessary at the trial of such action. Although experts may be required in a professional liability action in order to satisfy proof and certificate of merit requirements arising under PA. R. CIV. P. 1042.3, the Dragonetti Act itself does not establish a standard as to when an expert may be required. Consequently, the Court is not faced at this moment with the question of whether expert testimony will ultimately be necessary from Plaintiffs in order to sustain their burden of proof.

The Court agrees that certain claims do not require expert testimony, namely "where the matter under investigation is so simple, and the lack of skill so obvious, as to be within the range of the ordinary experience and comprehension of even non-professional persons." *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 480 (3d Cir. 1979). However, until discovery is much further along in this case, the Court will not be able to determine whether Plaintiffs will be required to present expert testimony as to Count III.

The sole issue before the Court at this time is whether PA. R. CIV. P. 1042.3 requires a certificate of merit in this Dragonetti claim, regardless of whether expert testimony will ultimately be required.[3] Although the Dragonetti Act does not require expert testimony, a Dragonetti action that is essentially a professional liability claim (as in *Schmidt*) may nevertheless require a certificate of merit under PA. R. CIV. P. 1042.3.

B.      Applicability of PA. R. CIV. P. 1042.3

When determining whether a defendant has deviated from the acceptable professional standard, both the United States Court of Appeals for the Third Circuit and district courts in Pennsylvania have applied PA. R. CIV. P. 1042.3 as substantive state law and required a defendant to file a certificate of merit. *See Chamberlain v. Giampapa*, 210 F.3d 154, 157-161 (3d Cir. 2000) (holding that a New Jersey affidavit of merit requirement does not conflict with the Federal Rules of Civil Procedure); *Holbrook v. Woodham*, 2007 U.S. Dist. *LEXIS* 50966, 9 (W.D. Pa. 2007) (holding that "[i]t is well-settled in all three of the federal districts in Pennsylvania that *Rule 1042.3* represents

_____

[3] Under PA. R. CIV. P. 1042.3(a)(3), professional liability cases still require a certificate of merit even if expert testimony is ultimately not necessary at trial.

substantive state law").  However, the question still remains as to whether PA. R. CIV. P. 1042.3 applies to cases sounding in professional liability under the Dragonetti Act.

Within the context of a Dragonetti Act claim, federal courts in Pennsylvania have required expert testimony in order to avoid summary judgment.  *Schmidt*, 470 F.Supp. 2d at 482-84.  However, the parties have not cited, nor has the Court, through independent research found, any authority on the issue of whether a Dragonetti claim sounding in professional liability requires a certificate of merit.  However, the United States Court of Appeals for the Third Circuit has affirmed this Court's broad requirement that a certificate of merit must be filed in cases similar to this in which third parties have been harmed as a result of a professional's deviation from the acceptable standard.  *See e.g. Iwanejko v. Cohen & Grigsby, P.C.*, 2005 U.S. Dist. *LEXIS* 30149, 11-12 (W.D. Pa. 2005) (holding that a certificate of merit was necessary where a patient filed a professional liability action against a non-treating physician), *aff'd*, 249 Fed. Appx. 938, 944 (3d Cir. 2007).  Accordingly, the Court finds that the language of PA. R. CIV. P. 1042.3 also requires a certificate of merit in this action.

Plaintiffs contend that the language of PA. R. CIV. P. 1042.1(a)[4] is controlling, and that "***any***" professional liability claim must be predicated on the relationship between the professional and his or her client.  However, upon closer inspection, Plaintiffs fail to recognize that the language of the rule specifically refers to  "***a*** civil action," PA. R. CIV. P. 1042.1(a) (emphasis added), not "***any*** civil action," which is an important distinction.  The Court finds that "***a*** civil action" is not all-inclusive, as Plaintiffs would maintain, but

---

[4]  PA R. Civ. P. 1041.1(a) provides in pertinent part as follows:  "The rules of this chapter govern ***a*** civil action in which a professional liability claim is asserted by or on behalf of a patient or client …."  (emphasis added).

rather indicates that other claims could fall within the scope of the section, and thus does not preclude Dragonetti claims from the scope of the rule. The language of PA. R. CIV. P. 1042.3(a) further corroborates such an interpretation.

The language of PA. R. CIV. P. 1042.3(a) is sufficiently broad to warrant a reading that includes Dragonetti claims. The rule includes "***any*** action based upon an ***allegation that a licensed professional deviated from an acceptable professional standard***." PA. R. CIV. P. 1042.3(a) (emphasis added). By specifying "any action" rather than specific causes of action, PA. R. CIV. P. 1042.3(a) is broader than Pa. R. Civ. P 1042.1(a), and is properly read to include a Dragonetti claim, such as this one, in which it is alleged that a lawyer deviated from the acceptable professional standard.

In this action, Alexander is a licensed professional who is alleged to have deviated from an acceptable professional standard when he filed and litigated the underlying equity action against Plaintiffs. In *Schmidt,* our appellate court concurred with the trial court that a Dragonetti claim against an attorney requires the same proof as a professional liability claim and is the functional equivalent of a legal malpractice claim. Consequently, because PA. R. CIV. P. 1042.3 is substantive state law to be applied broadly in cases where it is alleged that a professional has deviated from an acceptable professional standard, the Court determines that a certificate of merit must be filed.

## Conclusion

For the reasons hereinabove stated, the Court finds that, pursuant to PA. R. CIV. P. 1042.3, a certificate of merit must be filed as to the claim(s) alleged by Plaintiffs in Count III of their Complaint against Craig Alexander.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES CHIZMAR and MARIANNE CHIZMAR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:09-cv-00188 |
| BOROUGH OF TRAFFORD, KEVIN KARAZSIA, FRANK BRUNO, BRIAN LINDBLOOM, and CRAIG ALEXANDER, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER OF COURT**

AND NOW, this 18th day of June 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that, pursuant to PA. R. CIV. P. 1042.3, a certificate of merit must be filed as to the claim(s) alleged by Plaintiffs in Count III of their Complaint against Craig Alexander on or before **July 31, 2009.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    Amy E. McCall, Esquire
        Strassburger McKenna Gutnick & Gefsky
        Email: amccall@smgglaw.com

        Ronald D. Barber, Esquire
        Strassburger, McKenna, Gutnick & Gefsky
        Email: rbarber@smgglaw.com

        John M. Giunta, Esquire
        Cipriani & Werner
        Email: jgiunta@c-wlaw.com

        Joseph S.D. Christof, II, Esquire
        Dickie, McCamey & Chilcote
        Email: jchristof@dmclaw.com