IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CHIZMAR and MARIANNE CHIZMAR, <br><br> Plaintiffs, <br><br> v. <br><br> BOROUGH OF TRAFFORD, FRANK BRUNO, BRIAN LINDBLOOM and CRAIG ALEXANDER, <br><br> Defendants. | 2:09-cv-188 |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is DEFENDANT CRAIG ALEXANDER'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS (Doc. No. 73), and MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS OF DEFENDANTS BOROUGH OF TRAFFORD, FRANK BRUNO AND BRIAN LINDBLOOM (Doc. No. 74). Plaintiffs, James Chizmar and Marianne Chizmar, have filed a brief in opposition (Doc. No. 82). The motions are ripe for disposition.

**FACTUAL AND PROCEDURAL BACKGROUND**

The incidents which gave rise to this lawsuit began in February 2007, when the Borough of Trafford approved a residential subdivision and land development plan for two vacant parcels of land, one parcel to be developed as "Coventry Court" and one parcel to be developed as "Bradford Square." The "Coventry Court" development site is a large tract of land, a portion of which is located directly behind and immediately adjacent to Plaintiffs' property. Construction of a road and residential housing within the "Coventry Court" parcel commenced in 2007, and Plaintiffs first became aware of the development at the end of April/beginning of May in 2007. From that

date, Plaintiffs' had various interactions with Defendants, law enforcement officials, the parcel's developer, and several other persons that formed the factual background upon which Plaintiffs brought their claims.

On February 13, 2009, Plaintiffs filed a five count complaint, alleging multiple counts of intentional retaliatory conduct by Defendants Borough of Trafford, Frank Bruno, Brian Lindbloom and Craig Alexander (collectively "Defendants") in response to Plaintiffs' expression of their concerns and petitioning of the Borough of Trafford regarding the Bradford Square and Coventry Court developments. Three counts of the complaint were brought pursuant to 42 U.S.C. § 1983, alleging violations of rights guaranteed by the United States Constitution. The remaining two counts of the complaint were brought pursuant to Pennsylvania law under supplemental jurisdiction.

Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 named as Defendants the Borough of Trafford and Defendants Lindbloom, Bruno and Alexander, in both their official and personal capacities. Plaintiffs' claims alleged that Defendants attempted to deter Plaintiffs from exercising their First Amendment Rights by: a) directing that a hazardous diesel tank and offensive portable toilet be placed at the edge of their property; b) issuing a meritless citation for violation of a Borough Ordinance and fining Plaintiffs $8,400.00, without probable cause; c) filing an Equity Action without factual support or probable cause and pursuing said Equity Action for months after it was proven to be meritless; d) directing Trafford police to investigate Plaintiffs for claims they had removed engineering stakes from the Coventry Court development; and e) citing Plaintiff James Chizmar for disorderly conduct without probable cause. Plaintiffs' claims brought pursuant to Pennsylvania law under supplemental jurisdiction alleged that Defendants conspired to: a)

engage in the wrongful use of civil proceedings regarding the Equity Action; and b) engage in malicious prosecution regarding the citation for disorderly conduct issued to Plaintiff James Chizmar.

After extensive discovery proceedings, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), which Plaintiffs opposed. After careful consideration of the motions, the filings in support and opposition thereto, memoranda of the parties, relevant case law, and the record as a whole, the Court granted Defendants' motions for summary judgment. The summary judgment rulings of the Court were affirmed by the Court of Appeals for the Third Circuit. Defendants are now seeking to recover attorney fees and costs pursuant to 42 U.S.C. § 1988.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 1988, the Court has discretion to award reasonable attorney fees and costs to the prevailing party in a civil rights case.[1] Traditionally, § 1988 awards a prevailing plaintiff attorney fees because the plaintiff assumes the role of "a 'private attorney general,' vindicating a policy that Congress considered of the highest priority." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Accordingly, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id*. at 416-17, 98 S.Ct. at 698. The award of attorney fees is not limited solely to prevailing plaintiffs, however. As the Supreme Court further noted in the *Christiansburg* decision, the "prevailing party" can be either the plaintiff or the defendant, and held § 1988 authorizes awarding reasonable attorney fees and costs to a prevailing defendant in order to protect

---

1 The Civil Rights Attorney's Fees Awards Act of 1976, codified at 42 U.S.C. § 1988(b) provides, in relevant part: "In any action or proceeding to enforce a provision of sections…1983…of this title,…the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs…."

such defendants from burdensome litigation which has no legal or factual basis. *Id.* at 419-21, 98 S.Ct. at 699-700. However, for a prevailing defendant to be awarded attorney fees, § 1988 requires a District Court to find "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. at 421, 98 S.Ct. at 700.

The Supreme Court explained the reasoning behind the heightened standard applied to prevailing defendants in *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), and indicated the "distinction advances the congressional purpose to encourage suits by victims of discrimination while deterring frivolous litigation." Given the purpose of the award of attorney fees to defendant is to deter frivolous litigation, the Supreme Court in *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 648 (1978) noted "[t]he fact that a plaintiff may ultimately lose his case is not in itself sufficient justification for the assessment of fees." Furthermore, the Court reasoned that assessing attorney fees against plaintiffs simply because they do not ultimately prevail would significantly add to the inherent risks in most litigation and would undermine the efforts of Congress to promote the strenuous enforcement of civil rights law. *Id*. at 14-15, 101 S.Ct. at 178 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. at 422, 98 S.Ct. at 701).

Therefore, a prevailing defendant may only be awarded attorney fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421, 98 S.Ct. 694. The Supreme Court in *Fox v. Vice*, __U.S.__, 131 S.Ct. 2205, 2213-14, 180 L.Ed.2d 45 (2011), recognized that while the standard is clear, applying the standard is not:

> [I]n the real world, litigation is more complex, involving multiple claims for relief that implicate a mix of legal theories and have different merits. Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis.

The Supreme Court in *Christiansburg*, 434 U.S. at 421-22, 98 S.Ct. at 700-01, sought to refine application of the standard the Court set forth:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the acts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

## DISCUSSION

In the instant case, Plaintiffs alleged that Defendants intentionally retaliated and engaged in malicious prosecution and wrongful use of civil proceedings in response to Plaintiffs' expression of their concerns and petitioning of the Borough of Trafford regarding the certain real estate developments in violation of Pennsylvania state law; and that Defendants attempted to deter Plaintiffs from exercising their right to free speech, thus violating Plaintiffs rights under the First Amendment of the United States Constitution. When a citizen reasonably believes that his/her constitutional rights have been violated, that citizen is entitled to pursue a federal lawsuit to effectuate those rights. Furthermore, upholding the constitutional rights of citizens is one of the most essential and principled tasks of the federal judiciary.

Defendants argue that they are entitled to fees because Plaintiffs brought this action without any evidence or foundation to substantiate their claims, that Plaintiffs failed to establish any foundation during the course of litigation, and that Plaintiffs knew or should have known of the legal or evidentiary insufficiency of their claims. Furthermore, Defendants point to the

5

granting of summary judgment, in favor of Defendants, of all claims brought by Plaintiffs as further evidence to support Defendants' argument that they are entitled to fees. This argument falls short of meeting the applicable standard.

The Court is intimately familiar with the facts of this case and cannot find that Plaintiffs' claims were frivolous, unreasonable, or without foundation. Plaintiffs' state law claims against Defendant Borough of Trafford and Plaintiffs' § 1983 claims against Defendants Bruno, Lindbloom and Alexander, in their official capacities, were dismissed based on those Defendants immunity against such claims for the reasons set forth in the Court's Memorandum Opinion and Order dated March 29, 2011. Although Plaintiffs' claims against the above mentioned Defendants were dismissed, that alone does not make Plaintiff's claims frivolous. The Court of Appeals for the Third Circuit has held that "implicit" in the *Christiansburg* standard of frivolity "is the premise that Plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990).

To assist courts in this analysis, the Third Circuit identified five factors that should be considered when addressing the issue of awarding a prevailing defendant attorney fees:

> (1) plaintiff established a prima facie case; (2) defendant offered to settle; (3) the trial court held a full trial on the merits; (4) the issue in question was one of first impression requiring judicial resolution; and (5) the controversy was based sufficiently upon a real threat of injury to the plaintiff.

*Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). The *Barnes* court was quick to note that these factors "are merely guidelines, not strict rules; thus determinations regarding frivolity are to be made on a case-by-case basis." *Id*. at 158 (quoting *Sullivan v. School Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1983). In the *Barnes* case, the Court stated that, although defendants prevailed on summary judgment, and the direct evidence presented by

6

the plaintiff was "thin", such evidence was sufficient to withstand a finding of frivolity or unreasonableness. *Id*. at 165.

Furthermore, the Supreme Court has noted that, when considering the issue of frivolousness, Courts are presented with a "not inconsiderable task[]' of 'giving content to … indefinite adjectives." *Neitzke v. Williams*, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The *Neitzke* Court provided an example context of a frivolous case as "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id*. at 325, 109 S.Ct. at 1831-32.

In the case at bar, Defendants' immunity from suit brought against them in their official capacities was one basis upon which the Court granted summary disposition. Plaintiffs' remaining claims were dismissed due to Plaintiffs' failure proffer evidence sufficient to meet certain elements of each respective claim. Plaintiffs' evidence in support of their claims, although thin and ultimately inadequate to endure summary judgment, required the Court to conduct a thorough analysis of factual and legal issues, and consideration of a quantum of evidence contained in the record. The circumstantial evidence upon which Plaintiffs relied, even if ultimately insufficient, could plausibly have supported the Plaintiffs' claims, and did support Plaintiffs initiation of the case at bar. *See Rounseville v. Zahl*, 12 F.3d 625, 632 (2d Cir. 1994). Plaintiffs' claims were not devoid of *any* evidence in support of material issues. Although the evidence was ultimately unpersuasive and insufficient to survive summary disposition, it did provide some arguable basis for Plaintiffs' claim, thus precluding a finding that the claims were frivolous. Furthermore, the "prevailing defendant seeking an attorney's fee does not appear before the court cloaked in a mantle of public interest." *U.S. Steel Corp. v. U.S.*, 519 F.2d 359, 364 (3d Cir. 1975).

Accordingly, the Court is loath to chill the exercise of Plaintiffs' constitutional rights by awarding fees, merely because Plaintiffs' claims were dismissed.

## CONCLUSION

In summary, Defendants have fallen short of the rigorous standard necessary for a prevailing Defendant to recover attorney fees and costs. Therefore, DEFENDANT CRAIG ALEXANDER'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS (Doc. No. 73), and MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS OF DEFENDANTS BOROUGH OF TRAFFORD, FRANK BRUNO AND BRIAN LINDBLOOM (Doc. No. 74) will be **DENIED**. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CHIZMAR and MARIANNE CHIZMAR,<br><br>Plaintiffs,<br><br>v.<br><br>BOROUGH OF TRAFFORD, FRANK BRUNO, BRIAN LINDBLOOM and CRAIG ALEXANDER,<br><br>Defendants. | )<br>)<br>)    2:09-cv-188<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 15th day of May, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT CRAIG ALEXANDER'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS (Doc. No. 73), and MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS OF DEFENDANTS BOROUGH OF TRAFFORD, FRANK BRUNO AND BRIAN LINDBLOOM (Doc. No. 74) are **DENIED**.

BY THE COURT:

s/   Terrence F. McVerry
United States District Court Judge

cc: Ronald D. Barber, Esquire
Email: rbarber@smgglaw.com
Jordan L. Strassburger, Esquire
Email: jstrassburger@smgglaw.com

John M. Giunta, Esquire
Email: jgiunta@c-wlaw.com

Joseph S.D. Christof, II, Esquire
Email: jchristof@dmclaw.com
Michael P. Flynn, Esquire
Email: mflynn@dmclaw.com